# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1097 | **DATE** | 8/26/2004 |
| **CASE TITLE** | Heath vs. City of Harvey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 12/07/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, the defendants' motion to dismiss is denied. All discovery is to be noticed in time to be completed by 11/26/04. Dispositive motions with supporting memoranda are to be filed by 12/30/04. Responses to the dispositive motions, if any, are to be filed by 01/14/05 and replies, if any, are to be filed by 01/21/05. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | AUG 27 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 52 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | | |
| MW6 | courtroom deputy's initials | | 2004 AUG 26 PM 3:53 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA HEALTH, a/k/a ANDREA BILLUPS, STEVEN HEATH, JESSE HOLTON, MARY HOLTON, SUSIE HCAPMAN, and LAST CALL FOR GOD'S LOVE MINISTRY, a/k/a LAST CALL DEVELOPMENT CENTER, | ) ) ) ) ) ) ) | DOCKETED AUG 2 7 2004 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 1097 |
| THE CITY OF HARVEY, an Illinois Municipal Corporation, JOHN A. HISKES, individually and as an agent of the City of Harvey, BRENDA THOMPSON, individually and as an agent of the City of Harvey, and NICHOLAS GRAVES, individually and as agent of the City of Harvey, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Brenda Thompson's, Nicholas Graves', and the City of Harvey's ("Defendants") motion to dismiss Andrea Heath's, a/k/a Andrea Billups', Steven Heath's, Jesse Holton's, Mary Holton's, Susie Chapman's, and Last Call For God's Love Ministry's, a/k/a Last Call Development Center's

1

("Plaintiffs") Amended Complaint. For the reasons stated below, we deny Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs are or were the owners of real estate properties in Harvey, Illinois. On February 13, 2003, Plaintiffs filed this action against Defendants, alleging that Defendants entered into a conspiracy to deprive Plaintiffs of their constitutional rights and of their rights to property. Generally, Plaintiffs allege that Nicholas Graves, who was the Mayor of Harvey, and Brenda Thompson, who was the planning director for the City of Harvey, conspired to acquire delinquent tax certificates from properties owned by Plaintiffs. According to Plaintiffs, Defendants filed a series of demolition complaints against properties owned by certain Plaintiffs and then inhibited such Plaintiffs from improving those properties by refusing to issue them permits to repair their properties. Plaintiffs further allege that Defendants engaged in other illegal practices resulting in violations of their constitutional rights under the First, Fifth, and Fourteenth Amendments.

Plaintiffs Steven Heath and Andrea Heath ("Heath Plaintiffs") state that they were subjected to Defendants' demolition complaints against their properties. The Heath Plaintiffs acknowledge that they were ultimately successful in defending such complaints, but maintain that as a result, they were subjected to constitutional violations by Defendants inasmuch as they (1) were deprived of timely notice of the

2

demolition complaints; (2) lost income and property value from their properties as a result of the demolition complaints; and (3) were retaliated against for defending the complaints and publicly criticizing Defendants' practices.

Plaintiffs Jesse Holton and Mary Holton ("Holton Plaintiffs") state that they were also subjected to Defendants' demolition complaints against their properties. The Holton Plaintiffs successfully defended some complaints, but in 2002, some properties they owned were demolished. The Holton Plaintiffs maintain that as a result of the Defendants' demolition complaints and the subsequent demolition of their properties, they were subjected to constitutional violations by Defendants inasmuch as they (1) were deprived of timely notice of the demolition complaints; (2) lost income and property value from their properties as a result of the demolition complaints; (3) had their properties demolished; and (4) were retaliated against for defending the complaints and publicly criticizing Defendants' practices.

Plaintiff Last Call For God's Love Ministry, a/k/a Last Call Development Center ("Last Call") states that it was subjected to a demolition complaint by Defendants against property it owned. Last Call further alleges that after the demolition complaint was filed against it, a fire occurred on its property. According to Last Call, Defendants then demolished its property. Last Call also owns other properties in Harvey and complains that it has been unlawfully denied permits to repair such properties. Last Call maintains that as a result of Defendants' demolition complaint, subsequent demolition of its property, and other unlawful

3

practices it has been subjected to constitutional violations by Defendants inasmuch as (1) it was deprived of timely notice of the demolition complaint; (2) its property was demolished without due process; and (3) it was retaliated against by being denied a permit to repair its properties and by not being allowed to pay for municipal services on the property, including water bills.

Plaintiff Susan A. Chapman ("Chapman") was not subjected to a demolition complaint by Defendants against the property she owned. However, Chapman alleges that her constitutional rights were violated by Defendants when Defendants (1) fraudulently recorded a demolition lien against her property; and (2) denied her permits to repair her property, which caused her property to decrease in value.

On April 11, 2003, Defendants moved to dismiss Plaintiffs' Complaint and in a July 31, 2003 Order, Judge Rebecca R. Pallmeyer dismissed Plaintiffs' Complaint without prejudice. In granting Defendants' motion to dismiss, Judge Pallmeyer explained that the court was "...unable to assess the merits of any individual Plaintiff's claims because the complaint does not explain clearly which Plaintiffs are asserting which claims against which Defendants." Judge Pallmeyer allowed Plaintiffs leave to file an Amended Complaint, but ordered that such Amended Complaint should "...be in individual counts; for each count alleged, the complaint must identify the Plaintiffs for whom relief is sought; the date(s) on which the alleged conduct occurred; and the Defendants against whom the claim is asserted." On August 5, 2003, this action was transferred before this court.

On August 21, 2003, Plaintiffs filed an Amended Complaint before this court, alleging that Defendants entered into a conspiracy to deprive Plaintiffs of their constitutional rights and of their rights to property. On November 4, 2003, Plaintiffs voluntarily dismissed individual defendant John A. Hiskes. Defendants have filed a motion to dismiss the Amended Complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant

with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. Complaints written by *pro se* plaintiffs are to be liberally construed. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

Defendants move to dismiss based upon (1) the doctrine of *res judicata*; (2) failure to meet the statute of limitations; and (3) failure to state a claim under 42 U.S.C. § 1983 ("§ 1983).

### I. The Doctrine of *res judicata*

Defendants argue that the doctrine of *res judicata* should be applied based upon Judge Pallmeyer's prior order granting Defendants' motion to dismiss. For the doctrine of *res judicata* to apply, the following three elements must exist: (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits. *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir.1987). It is clear that the first element of the doctrine does not exist here inasmuch as Judge Pallmeyer's prior ruling was not a final judgment on the merits of the case. On the contrary, Judge Pallmeyer's Order stated that, "...the court is unable to assess the merits of any individual Plaintiff's claims..." Judge Pallmeyer's Order dismissed Plaintiffs'

complaint without prejudice and allowed Plaintiffs leave to amend their complaint. Therefore, the court finds that the doctrine of *res judicata* is not applicable here.

Defendants also challenge whether Plaintiffs followed Judge Pallmeyer's specific orders in granting them leave to amend the complaint. Judge Pallmeyer previously ordered that the Amended Complaint should (1) be in individual counts; for each count alleged, the complaint must (2) identify the Plaintiffs for whom relief is sought; (3)the date(s) on which the alleged conduct occurred; and (4) the Defendants against whom the claim is asserted. A review of the Amended Complaint reveals that Plaintiffs have organized the Complaint into four individual counts. Each count identifies the Plaintiffs for whom relief is sought and the period and dates over which the alleged conduct occurred. In addition, the Amended Complaint adequately identifies the three Defendants against whom the claims are asserted.

## II. Statute of Limitations

This action was originally filed on February 13, 2003. Defendants maintain that certain allegations in Plaintiffs' Amended Complaint may be barred by the two year statute of limitations for § 1983 claims. Specifically, Defendants request that this court should dismiss with prejudice any part of this lawsuit dealing with the filing of "sham" lawsuits by Defendants prior to February 13, 2001.

This court does not disagree with Defendants' argument that certain allegations in Plaintiffs' Amended Complaint may be barred by the two year statute

of limitations for § 1983 claims. However, under the notice pleading standards of this court and our duty to construe the allegations of the complaint in the light most favorable to the plaintiff, the court finds that such a determination can better be adjudicated after discovery is completed and at summary judgment stage.

### III. § 1983

Defendants argue that Plaintiffs' complaint fails to state a claim under § 1983. Specifically, Defendants argue that Plaintiffs have failed to establish that a conspiracy existed between the Defendants that resulted in deprivation of the constitutional rights of any of the Plaintiffs.

At the motion to dismiss stage, the court must accept as true all well-pleaded facts and allegations in the complaint. In their Amended Complaint, Plaintiffs allege that Nicholas Graves and Brenda Thompson, two City of Harvey officials, conspired to deprive Plaintiffs of their constitutional rights and of their rights to property. Plaintiffs contend that as a result of this alleged conspiracy their constitutional rights under the First, Fifth, and Fourteenth amendments were violated by Defendants in numerous instances including when their property was unlawfully demolished; when they were retaliated against for defending the demolition complaints and publicly criticizing Defendants' practices; and when they were denied due process on both notice and permit procedures in connection with the conspiracy.

Whether Plaintiffs can prove that a conspiracy existed or that a constitutional violation ever occurred remains to be seen. Nevertheless, Plaintiffs have sufficiently

alleged a claim under § 1983 to survive a motion to dismiss.

## CONCLUSION

Therefore, based on the foregoing, we deny Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 26, 2004